No. 22-11977-HH

IN THE

# United States Court of Appeals
# For the Eleventh Circuit

_____

## RJ'S International Trading, LLC.,
Appellant/Plaintiff

-versus-

## Crown Castle South LLC.
Appellee/Defendant

_____

APPEAL FROM THE U.S. DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

## APPELLANT'S BRIEF

**FAUDLIN PIERRE**
PIERRE SIMON
Counsel for Appellant
Florida Bar No. 56770
600 SW 4th Avenue
Fort Lauderdale, Florida 33315
Phone:        (305) 336-9193
Email:        fplaw08@yahoo.com

*RJ's International Trading, LLC v. Crown Castle South LLC,*
Case No. 22-11977-HH

## <u>CERTIFICATE OF INTERESTED PERSONS</u>

Pursuant to 11th Circuit Rule 26.1-1, RJ's International Trading, LLC, ("RJI" or "Appellant") furnishes the following complete list of persons with an interest in the outcome of this appeal:

1. RJ's International Trading, LLC, Plaintiff-Appellant

2. Pierre, Faudlin, Attorney for RJ's International Trading, LLC

3. Simon, Jennito, Attorney for RJ's International Trading, LLC

4. Pierre Simon, LLC, the law firm representing RJ's International Trading, LLC.

5. Crown Castle South LLC, Defendant – Appellee

6. Cann, Eve, Attorney for Crown Castle South LLC

7. Docheva, Desislava, Attorney for Crown Castle South LLC

8. Leiva, Aldo, Attorney for Crown Castle South LLC

9. Hon. Cecilia Altonaga

10. Hon. Edwin G. Torres

Further, Appellant is not aware of any publicly traded company or corporation that has an interest in the outcome of this case or appeal. Dated: October 14, 2022.

_____

Faudlin Pierre, Attorney at Law

i

*RJ's International Trading, LLC v. Crown Castle South LLC,*
Case No. 22-11977-HH

## STATEMENT REGARDING ORAL ARGUMENT

Appellant believes that the matters as reflected in the district court's order and

briefed by the parties are sufficient to resolve this appeal.

*RJ's International Trading, LLC v. Crown Castle South LLC,*
Case No. 22-11977-HH

# **TABLE OF CONTENTS**

CERTIFICATE OF INTERESTED PERSONS ........................................................i

STATEMENT REGARDING ORAL ARGUMENT ............................................. ii

TABLE OF CONTENTS ........................................................................................ iii

TABLE OF CITATIONS.........................................................................................iv

STATEMENT OF JURISDICTION ......................................................................vi

STATEMENT OF ISSUES.......................................................................................1

INTRODUCTION.....................................................................................................2

STATEMENT OF THE CASE .................................................................................4

SUMMARY OF THE ARGUMENT .......................................................................8

ARGUMENT .............................................................................................................8

   I.   The district court erred as a matter of law by concluding that the easement
agreement's attorney's fees provision did not apply to successors. ......................8

CONCLUSION .......................................................................................................19

CERTIFICATE OF SERVICE...............................................................................20

CERTIFICATE OF COMPLIANCE ....................................................................20

*RJ's International Trading, LLC v. Crown Castle South LLC,*
Case No. 22-11977-HH

## <u>TABLE OF CITATIONS</u>

**Cases**

*All Underwriters v. Weisberg,* 222 F. 3d 1309 (11th Cir. 2000)..............................8

*Am. Quick Sign, Inc., v. Reinhardt*, 899 So. 2d 461 (Fla. 5th DCA 2005)...............9

*Amberfield Homeowners Ass'n v. Young*, 346 Ga. App. 29 (Ga. Ct. App. 2018 ) ..19

*Cassedy v. Wood*, 263 So. 3d 300 (Fla. 1st DCA 2019) ........................................18

*Caulk v. Orange County*, 661 So. 2d 932 (Fla. 5th DCA 1995) ............................16

*Companion Prop. & Cas. Ins. Co. v. Category 5 Mgmt. Grp., LLC*, 189 So. 3d 905

   (Fla. 1st DCA 2016)........................................................................................13

*Crawford v. Barker*, 64 So. 3d 1246 (Fla. 2011) ....................................................9

*Dade County v. Pena*, 664 So. 2d 959 (Fla. 1995)..................................................9

*Delissio v. Delissio*, 821 So. 2d 350 (Fla. 1st DCA 2002)......................................9

*Flying Diamond Oil Corp. v. Newton Sheep Co.*, 776 P. 2d 618 (Utah 1989) .......19

*Fort v. Roadway Exp., Inc.*, 746 F. 2d 744 (11th Cir. 1984).....................................v

*Hayslip v. United States Home Corporation*, 336 So. 3d 207 (Fla. 2022)........14, 18

*Horizons A Far, LLC v. Plaza N 15, LLC*, 114 So. 3d 992 (Fla. 5th DCA 2012) ....9

*In re Raymond*, 129 B.R. 354 (S.D. N.Y. 1991) ....................................................19

*J.H. Williams Oil Company, Inc. v. Harvey*, 872 So. 2d 287 (Fla. 2d DCA 2004)11,

   12, 17

*Keogh v. Peck*, 259 Ill. App. 503 (Ill. App. Ct. 1931)............................................18

*RJ's International Trading, LLC v. Crown Castle South LLC,*
Case No. 22-11977-HH

*Kirschner v. Baldwin*, 988 So. 2d 1138 (Fla. 5th DCA 2008) ...............................10

*Koechli v. BIP Intern., Inc.*, 870 So. 2d 940 (Fla. 1st DCA 2004)........................11

*Lundeberg v. Dastrup*, 497 P. 2d 648 (Utah 1972) ................................................18

*Maule Industries, Inc. v. Sheffield Steel Products, Inc.*, 105 So. 2d 798 (Fla. 3d

   DCA 1958)........................................................................................................14

*Moore v. State Farm Mut. Auto. Ins.*, 916 So. 2d 871 (Fla. 2d DCA 2005) ...........13

*Moritz v. Hoyt Enters., Inc.*, 604 So. 2d 807 (Fla. 1992) .........................................9

*Ocwen Fin. Corp. v. Holman*, 769 So. 2d 481 (Fla. 4th DCA 2000).....................11

*Osius v. Barton*, 109 Fla. 556 (Fla. 1933) .............................................................11

*Palm Beach Cnty. v. Cove Club Invs. Ltd.*, 734 So. 2d 379 (Fla. 1999) ................13

*Paloma Inv. Ltd. P'ship v. Jenkins*, 978 P. 2d 110 (Ariz. Ct. App. 1998) .............18

*Winn-Dixie Stores, Inc. v. Dolgencorp, Inc.*, 964 So. 2d 261 (Fla. 4th DCA 2007)

   ....................................................................................................................14, 16

*RJ's International Trading, LLC v. Crown Castle South LLC,*
Case No. 22-11977-HH

## <u>STATEMENT OF JURISDICTION</u>

This Court has jurisdiction pursuant to 28 U.S.C. § 1291 because RJ's International Trading, LLC appeals the district court's final order denying its *Motion for Attorney's Fees*. *See Fort v. Roadway Exp., Inc.*, 746 F. 2d 744, 747 (11th Cir. 1984).

vi

*RJ's International Trading, LLC v. Crown Castle South LLC,*
Case No. 22-11977-HH

## STATEMENT OF ISSUES

1.      Whether the district court committed legal error by concluding that the easement agreement did not provide for attorney's fees for successors in interest in an enforcement proceeding?

1

## **INTRODUCTION**

RJ's International Trading, LLC ("RJI") owns property in the southern part of Miami-Dade County, Florida. RJI's property is the subject of an easement agreement as the servient property. The agreement was entered by RJI's predecessor in interest. The easement agreement provides for a 20-foot utility and access easement "over, across, and upon" RJI's property.

Nearly two decades after the agreement was executed and recorded, the dominant estate's successor in interest, Crown Castle South LLC ("Crown Castle"), installed fiber optic cables beneath and beyond the scope of the easement. RJI filed suit seeking to enforce the easement agreement and vindicate important property rights and obtained a judgment in its favor.

Pursuant to the agreement's remedies provision, RJI moved for prevailing party attorney's fees. RJI contended that as a successor in interest it was entitled to fees for prevailing in the enforcement action. In response, Crown Castle argued that RJI was not the prevailing party and that only the covenanting parties—not successors in interest—were entitled to attorney's fees.

The district court concluded that RJI was not entitled to fees because the language pertaining to attorney's fees was not a covenant running with the land binding successors. The district court reasoned that because the payment of fees did

*RJ's International Trading, LLC v. Crown Castle South LLC,*
Case No. 22-11977-HH

not touch and concern the land RJI was not entitled to fees to prevent violations of covenants that did run with the land.

The district court erred. When the viewing the easement agreement as a whole, the plain language of the easement agreement shows that the remedies provision touches and concerns the land and binds successors. This interpretation is consistent with Florida law. For this reason, this Court should reverse the district court's order.

*RJ's International Trading, LLC v. Crown Castle South LLC,*
Case No. 22-11977-HH

## <u>STATEMENT OF THE CASE</u>

On October 21, 1992, Hidden Valley Corporation ("Hidden Valley") owned a storage property in the southern part of Miami-Dade County, Florida (Leased Property). ECF No. 144-5, 1. Hidden Valley leased that property to BellSouth Mobility, Inc. ("BellSouth") through an Option and Lease Agreement ("Lease"). *Id.* BellSouth agreed to use the Leased Property for the purpose of constructing, maintaining, and operating a communication facility. *Id.* at 4.

Hidden Valley also owned an adjacent real property that is the subject of the present dispute ("Property"). ECF No. 164-1, 1, 7.

As the owner of the Property, Hidden Valley and BellSouth entered into the easement agreement. *Id.* at 1-7. The easement agreement provided BellSouth (and its successors) with a 20 foot easement "for utilities and vehicular and pedestrian ingress and egress ***over, across, and upon*** the [] Property" – but not under it. *Id.* at 1 (emphasis added).

The easement agreement also contains a covenant running with the land. *Id.* at 2. The provision states:

> This Easement and all conditions and covenants set forth herein are intended to be and shall be construed as covenants running with the land, binding upon and inuring to the benefit of Grantor or Grantee, as the case may be, and their respective heirs, successors and assigns, including without limitation, all subsequent owners of the Easement Property the Benefitted Property and all persons claiming by through and under them.

*RJ's International Trading, LLC v. Crown Castle South LLC,*
Case No. 22-11977-HH

*Id*. Finally, the easement agreement contains a remedies provision. That provision

states:

> The parties hereto shall each have the right to enforce the terms of this Easement and the rights and obligations created herein by all remedies provided under the laws of the State of Florida, including, without limitation, the right to sue for damages for breach or for injunction or specific performance. In the event that it is necessary for either party hereto to file suit in order to enforce the terms hereof, then the prevailing party in such suit shall be entitled to receive reasonable attorney's fees and court costs in addition to any other award that the court might make, from the non-prevailing party.

*Id*. at 3.

Ten months later, Hidden Valley sold the Property to R.J. International

Trading, Inc. ECF No. 144-4. The deed stated the conveyance was subject to the

"conditions, covenants, restrictions, limitations, and easements which appear of

record". *Id*. These limitations bound the parties executing the deed as well as their

successors. *Id*. The deed was recorded. *Id*.

BellSouth later sublet the Leased Property to Crown Castle. ECF No. 144-2,

1-25. The sublease granted Crown Castle the non-exclusive rights to use the

easement. *Id*. at 3.

Crown Castle converted from a corporation into a limited liability company.

ECF No. 144-3, 33-35.

On August 1, 2005, R.J. International Trading, Inc. transferred the Property

to RJI. ECF No. 144-6, 1.

*RJ's International Trading, LLC v. Crown Castle South LLC,*
Case No. 22-11977-HH

On or about February 25, 2020, Crown Castle South installed underground fiber optic cables beneath and beyond the subject property in violation of the easement agreement. ECF No. 34, ¶ 17.

On the basis of diversity jurisdiction, RJI filed the present suit seeking to enforce the easement agreement. ECF No. 1. The three operative claims were breach of the easement agreement, trespass, and unjust enrichment. *Id.*

RJI moved for partial summary judgment on its breach of the easement agreement and trespass claims. ECF No. 73. RJI also requested that the district court enjoin Crown Castle. *Id.* The district court granted RJI's motion. ECF No. 104. In its order, the district court concluded that successors have the right to enforce the easement agreement. *Id.* at 10 ("the Court concludes that Plaintiff has standing to assert its breach of easement."). The district court acknowledged that Crown Castle admitted that it was bound by the terms of the easement agreement. *Id.* at 9-10.

The district court ultimately reconsidered its injunction and deferred ruling on the injunctive relief claim until after trial. ECF No. 124. The case proceeded to trial on liability on the unjust enrichment and damages on all claims. ECF No. 104; ECF No. 124, 5.

The jury awarded nominal damages on the breach of an easement agreement claim, $40,000.00 on the trespass claim, and $634.74 on the unjust enrichment claim. ECF No. 139. The jury declined to award punitive damages. *Id.*

*RJ's International Trading, LLC v. Crown Castle South LLC,*
Case No. 22-11977-HH

The district court entered final judgment for RJI. ECF No. 143. The final judgment was subsequently amended to include prejudgment interest. ECF No. 147.

RJI moved for attorney's fees under the easement agreement. RJI argued that as the prevailing party it was entitled to attorney's fees under the remedy provision of the easement agreement and that remedies provisions of the agreement was a covenant running with the land. ECF No. 158, 165. In response, Crown Castle argued that only the covenanting parties were entitled to attorney's fees. ECF No. 164.

The district court denied RJI's motion for attorney's fees. ECF No. 166. In denying the motion, the district court reasoned that the attorney's fees provision was not a covenant that touched and concerned the land thus not binding on successors in interest. *Id*. at 5.The district court went on to say: "Unlike covenants that 'directly impact the use of the land,' a covenant guaranteeing the transfer of cash had 'no effect . . . on the land.'" *Id*.

On June 13, 2022, RJI's timely appealed the order denying fees. ECF No. 170.

*RJ's International Trading, LLC v. Crown Castle South LLC,*
Case No. 22-11977-HH

## SUMMARY OF THE ARGUMENT

As the prevailing party, RJI is entitled to attorney's fees because the easement agreement's remedies provision is a covenant that runs with the land binding successors. Under Florida law, to be a covenant that runs with the land, the following conditions must exist: (1) the covenant must touch and concern the land, (2) the covenanting parties must intend for the covenant to run with the land, and (3) successors must have notice of the covenant. The district court reasoned that the payment of attorney's fees was not a covenant running with the land because it did not touch and concern the land. The district court erred.

The district court committed legal error for two reasons. First, the plain language of the agreement establishes that Crown Castle is bound by the remedies provision. Second, under Florida law, the remedies provision is a covenant that runs with the land that binds successors such as Crown Castle. Thus, RJI was entitled to attorney's fees for prevailing in the enforcement action below. For these reasons, this Court should reverse the district court's order denying attorney's fees.

## ARGUMENT

**I.    The district court erred as a matter of law by concluding that the easement agreement's attorney's fees provision did not apply to successors.**

In diversity cases, a party's entitlement to attorney's fees is determined by state law. *See All Underwriters v. Weisberg,* 222 F. 3d 1309, 1311 (11th Cir. 2000).

*RJ's International Trading, LLC v. Crown Castle South LLC,*
Case No. 22-11977-HH

Florida follows the "American Rule". The "American Rule" says that "attorney's fees may only be awarded by a court pursuant to an entitling statute or an agreement of the parties." *Dade County v. Pena*, 664 So. 2d 959, 960 (Fla. 1995). Where a contract or statute provides for attorney's fees, "the party prevailing on the significant issues in the litigation is the party that should be considered the prevailing party for attorney's fees". *Moritz v. Hoyt Enters., Inc.*, 604 So. 2d 807, 810 (Fla. 1992).

The district court erred as a matter of law by concluding that the easement agreement's attorney's fees provision did not apply to successors. **First**, the plain language of the agreement establishes that Crown Castle is bound by the attorney's fee provision. In Florida, courts apply the rules of contract interpretation in determining whether an easement agreement conveys a particular right. *Am. Quick Sign, Inc., v. Reinhardt*, 899 So. 2d 461, 465 (Fla. 5th DCA 2005). When interpreting contracts courts looked to the intent of the parties. *Horizons A Far, LLC v. Plaza N 15, LLC*, 114 So. 3d 992, 994 (Fla. 5th DCA 2012). The best evidence of the parties' intent is the language of the contract. *Crawford v. Barker*, 64 So. 3d 1246, 1255 (Fla. 2011). Moreover, "[c]ourts are not to isolate a single term or group of words and read that part in isolation; the goal is to arrive at a reasonable interpretation of the text of the entire agreement to accomplish its stated meaning and purpose." *Delissio v. Delissio*, 821 So. 2d 350, 353 (Fla. 1st DCA 2002).

9

*RJ's International Trading, LLC v. Crown Castle South LLC,*
Case No. 22-11977-HH

The plain language of the easement agreement provides for attorney's fees in an enforcement action to successors. The remedies provision states that parties "shall each have the right to enforce the terms of this easement and the rights and obligations created herein." ECF No. 164-1, 3. In the event that suit is filed, "then the prevailing party in such suit shall be entitled to receive reasonable attorney's fees[.]" *Id.*

The reference to "parties hereto" is not limited to covenanting parties when one reviews the entire agreement. The introductory paragraph and the covenant that runs with the land provision shows that "parties hereto" extends to successors. For example, the introductory paragraph states the agreement was entered in favor of BellSouth's successors and assigns. *Id.* at 1. The covenant running with the land provision states that: "and all conditions and covenants set forth herein are intended to be and shall be construed as covenants running with the land, binding upon and inuring to the benefit of Grantor or Grantee, as the case may be, and their respective … successors". *Id.* at 2.

Thus, a person who has the right to enforce the agreement would be considered a "party" to the easement agreement. *See Kirschner v. Baldwin*, 988 So. 2d 1138, 1141 (Fla. 5th DCA 2008) ("The Declaration specifically provided that the covenants and restrictions inured to the benefit of all lot owners. As a clearly intended beneficiary of the Declaration, Kirschner had the right to enforce the

*RJ's International Trading, LLC v. Crown Castle South LLC,*
Case No. 22-11977-HH

subdivision's restrictions."); *Osius v. Barton*, 109 Fla. 556, 562 (Fla. 1933) ("The general theory behind the right to enforce restrictive covenants, is that the covenants must have been made with or for the benefit of the one seeking to enforce them.").

Moreover, Florida case law has interpreted this phrase similarly. *See Koechli v. BIP Intern., Inc.*, 870 So. 2d 940, 946 (Fla. 1st DCA 2004) (Where an agreement stated that "'any dispute between the parties hereto' would be subject to arbitration, the court determined that the phrase 'parties hereto' included non-signatories who were officers or agents of a signatory and who received rights and assumed obligations under the agreement."); *Ocwen Fin. Corp. v. Holman*, 769 So. 2d 481 (Fla. 4th DCA 2000) (same).

The case of *J.H. Williams Oil Company, Inc. v. Harvey*, 872 So. 2d 287 (Fla. 2d DCA 2004)  is dispositive of whether the payment of money can extend to successors based on the express language of a legal instrument. In *Harvey*, a private trust ("Trust") sold real property to Chevron Oil Company ("Chevron"). *Id*. at 288. The Trust and Chevron entered into a reservation agreement that reserved for the Trust the right to eminent domain proceeds. *Id*. The agreement, which was recorded in the county records, expressly stated that Chevron, Trust, as well as their successors and assigns were bound by the agreement. *Id*. Chevron sold the property to J.H. Williams Oil Company, Inc. ("Williams"). The deed conveying the property made conveyance subject to the reservation agreement. *Id*. Florida Department of

*RJ's International Trading, LLC v. Crown Castle South LLC,*
Case No. 22-11977-HH

Transportation commenced condemnation proceedings where it sued the Trust and Williams. *Id*. The Trust filed a crossclaim against Williams seeking to enforce the reservation agreement. *Id*. 288-89. The trial court entered summary judgment in favor of the Trust based on the express language of the deed and ordered the payment of the proceeds to the Trust. *Id*. at 289. On appeal, the appellate court affirmed the judgment and held that "the language in the deeds and the reservation agreement at issue clearly indicated that the parties intended to bind all successors and assigns and that the subsequent conveyance was subject to this reservation." *Id*.

Like *Harvey*, the language in the easement agreement in this case "clearly indicated that the [covenanting] parties intended to bind all successors and assigns" to the remedies provision. *Harvey*, 872 So. 2d at 289 . First, the parties' predecessors entered into the easement agreement. ECF No. 164-1, 1. The language of the easement agreement stated the agreement was entered in favor of the successors and its terms were binding. *See* ECF No. 164-1, 1 (introductory paragraph) and 2 (covenant running with the land provision). Like *Harvey*, RJI acquired its property subject to the existing easement agreement. ECF No. 144-4. Thus, the successors are bound by the remedies provision and must pay the prevailing party's fees in an enforcement action.

The district court concluded that a successor would not be entitled to prevailing party attorney's fees for exercising the right to enforce the agreement.

*RJ's International Trading, LLC v. Crown Castle South LLC,*
Case No. 22-11977-HH

ECF No. 166, 5. This interpretation violates two fundamental rules of construction. First, courts "will not interpret a contract in such a way as to render provisions meaningless when there is a reasonable interpretation that does not do so". *Moore v. State Farm Mut. Auto. Ins.*, 916 So. 2d 871, 877 (Fla. 2d DCA 2005). Second, "[a] court must construe a contract in a manner that accords with reason and probability and avoids an absurd construction." *Companion Prop. & Cas. Ins. Co. v. Category 5 Mgmt. Grp., LLC*, 189 So. 3d 905, 908 (Fla. 1st DCA 2016).

The interpretation is unreasonable and renders portions of the agreement meaningless because successors have the right to enforce the agreement but would not have the right to fees for exercising that right. *See* ECF No. 104, 9-10 (district court concluding RJI has standing to enforce the agreement). The district court's interpretation renders portions of the remedies provision meaningless as it eliminates that portion from the agreement (i.e., "In the event that it is necessary for either party hereto to file suit in order to enforce the terms hereof, then the prevailing party in such suit shall be entitled to receive reasonable attorney's fees[.]").

**Second**, the district court erred by concluding that the remedies provision was not a covenant that runs with the land that touched and concerned the land. Under Florida law, there are two types of covenants. *Palm Beach Cnty. v. Cove Club Invs. Ltd.*, 734 So. 2d 379, 382 n.4 (Fla. 1999). There are real covenants that runs with the

13

*RJ's International Trading, LLC v. Crown Castle South LLC,*
Case No. 22-11977-HH

land and bind successors of the covenanting parties. *Id*. Then there are personal covenants that bind only the covenanting parties personally. *Id*.

To be a covenant running with the land, the following conditions must apply: "(1) the existence of a covenant that touches and involves the land; (2) an intention that the covenant run with the land; and (3) notice of the restriction on the part of the party against whom enforcement is sought." *Winn-Dixie Stores, Inc. v. Dolgencorp, Inc.*, 964 So. 2d 261, 265 (Fla. 4th DCA 2007). A covenant touches and concerns land "[i]f the performance of the covenant … tends to necessarily to enhance the value of the property or renders it more convenient and beneficial to the owner." *Maule Industries, Inc. v. Sheffield Steel Products, Inc.*, 105 So. 2d 798, 801 (Fla. 3d DCA 1958).

Below, RJI contended that *Hayslip v. United States Home Corporation*, 336 So. 3d 207 (Fla. 2022) was dispositive and supports RJI's position that successors were bound by the remedies provision. In *Hayslip*, homeowners, purchased a home "[s]ubject to easements, restrictions, reservations and limitations, if any." *Id*. at 209. The deed stated that its covenants, conditions, and restrictions ran with the land and successors were bound by them. *Id*. One of the conditions required the parties to arbitrate their dispute. The homeowners, who were subsequent purchasers, sued the builder for construction defect. *Id.* The builder moved to compel arbitration in the homeowners' suit based on the arbitration clause. *Id*. The builder contended that the

*RJ's International Trading, LLC v. Crown Castle South LLC,*
Case No. 22-11977-HH

arbitration clause was binding on the subsequent purchasers because it was a covenant running with the land. *Id*.

The trial court granted the builder's motion. *Id*. The homeowners appealed. *Id*. Ultimately, the Florida Supreme Court concluded that the homeowners were bound by the arbitration provision because it was a covenant running with the land. *Id*. In discussing whether the arbitration provision touched and concerned the land, the Florida Supreme Court reasoned that the provision touched and concerned the land because the covenant (1) "dictates the means by which the [homeowners] must seek to rectify building defects", (2) covenant is triggered when a defect in the home is realized, (3) the outcome of the arbitration proceedings impacts the home, and (4) [the homeowners] benefit from the defective condition being resolved by arbitration. *Id*. at 210.

Similarly, the remedies provision in the present action is a covenant that runs with the land. As recognized in *Hayslip*, the performance of the remedies provision may touch and concern the land where it may affect the land and the owner's enjoyment thereof. The remedies provision here does just that: "The parties hereto shall each have the right to enforce the terms of this Easement and the rights and obligations created herein . . . ." ECF No. 164-1, 3. The remedies provision is designed to vindicate harms to or violations associated with misuse of the easement. No logical reason exists to allow successors to enforce (and be bound by) that and

15

*RJ's International Trading, LLC v. Crown Castle South LLC,*
Case No. 22-11977-HH

every other sentence in the remedies provision except for the one shifting fees for

the non-prevailing party who infringes on easement rights. Absent the fee shifting

provision, a servient owner might not seek to prevent harm to the easement or its

related estate—or be unable to secure legal representation—where legal damages

are not significant. *See, e.g.*, ECF No. 139 (jury verdict awarding $1.00 in nominal

damages for installing underground fiber optic cables on RJI's property). Thus, the

remedies provision touches and concerns the property itself because it "affect[s] 'the

mode of enjoyment of the premises.'" *Winn-Dixie Stores*, 964 So. 2d at 264.

District court primarily relied on *Caulk v. Orange County*, 661 So. 2d 932

(Fla. 5th DCA 1995) to conclude that the payment of cash does not touch and

concern the land. *See* ECF No. 166, 5 ("Unlike covenants that 'directly impact the

use of the land,' a covenant guaranteeing the transfer of cash had 'no effect . . . on

the land.'"). However, a review of *Caulk* reveals that is not the holding.

In *Caulk*, Caulk, the original grantor, transferred title to real property to

Hibbard, the original grantee, by a deed that reserved for Caulk the right to any

condemnation proceeds arising from the taking of the property. *Caulk*, 661 So. 2d at

932 (Fla. 5th DCA 1995). Hibbard then conveyed title to Hibbard Oil Company,

which then conveyed title to Amoco Oil Company. *Id*. The subsequent deeds did not

include the reservation provision that was in the original deed. *Id*. Orange County

filed a condemnation suit. *Id*. Caulk intervened in the suit claiming an interest in the

16

*RJ's International Trading, LLC v. Crown Castle South LLC,*
Case No. 22-11977-HH

proceeds based on the original deed. *Id*. The court in *Caulk* held that the reservation was personal and did not run with the land because it was not the ***intent*** of the covenanting parties as expressed in the deed. *Id*. at 934.

The district court misunderstood *Caulk's* holding. Caulk's holding concerned the intent as expressed by deed not whether covenant touched and concerned the land. As the *Harvey* court explained:

> [I]n reaching its conclusion, the court [in *Caulk*] indicated that it did not believe that the reservation of the right to proceeds sufficiently "concerned" the land so as to qualify as an interest that could "run with the land." *Id.* **We note that this language is *dicta*.** The opinion went on to conclude: "Further, even if this covenant could run with the land, nothing in the deed suggests it was intended to do so." *Id.* Thus, the holding was based on the language of that particular deed, not upon whether such an interest qualifies as one that could run with the land.
>
> Accordingly, we distinguish the holding in *Caulk*, as the language in the deeds and the reservation agreement at issue here clearly indicates that the parties intended to bind all successors and assigns and that the subsequent conveyance was subject to this reservation.

*Harvey*, 872 So. 2d at 289 (emphasis added).

*Caulk* is clearly distinguishable from the present case. The deed in *Caulk* did not include a provision that stated that all terms were covenants that ran with the land. In the present case, like in *Hayslip* and *Harvey*, the language in the easement agreement state that all terms (including the remedies provisions) run with the land. Thus, the remedies provision is a covenant that runs with the land.

17

*RJ's International Trading, LLC v. Crown Castle South LLC,*
Case No. 22-11977-HH

**Finally**, the authorities from other jurisdictions the district court relied on are unpersuasive and contrary to Florida law. The district court found persuasive decisions from other jurisdictions that have held that fee provisions do not touch and concern the land. *See* ECF No. 162, p. 3 *citing Paloma Inv. Ltd. P'ship v. Jenkins*, 978 P. 2d 110, 116 (Ariz. Ct. App. 1998); *Lundeberg v. Dastrup*, 497 P. 2d 648 (Utah 1972); *Keogh v. Peck*, 259 Ill. App. 503, 518 (Ill. App. Ct. 1931).

However, that approach is misguided and cannot be reconciled with *Harvey* or *Hayslip*. Florida does not take such a rigid view. As explained by the Florida Supreme Court, the focus of the touch and concern element is whether the covenant "tends necessarily to enhance the value of the property or renders it more convenient and beneficial to the owner[.]" *Hayslip*, 336 So. 3d at 209.

The benefits of an attorney's fees to a landowner is clear. "The purpose of an attorney's fee provision in a contract is not to enrich the prevailing party, but to make the prevailing party whole through reimbursement of litigation." *Cassedy v. Wood*, 263 So. 3d 300, 303 (Fla. 1st DCA 2019). The attorney's fees provision enhances the value of the land. Successors in interest who must expend their resources to adjudicate their property rights maybe unable to due to the cost of litigation. Moreover, attorney's fees provision will serve as a deterrent to those who may violate one's property rights where damages are not significant. Thus, a fees provision is valuable and benefits the owner and its land.

*RJ's International Trading, LLC v. Crown Castle South LLC,*
Case No. 22-11977-HH

Also, other courts do not take such a rigid view of the touch and concern requirement.[1] *See, e.g., Flying Diamond Oil Corp. v. Newton Sheep Co.*, 776 P. 2d 618 (Utah 1989) ("The promise to pay money is necessarily dependent on the purpose of the payment and thus should not stand alone. Accordingly, most courts have considered promises to pay money in the context of benefit to the covenantor; thus, payments for something associated with the covenantor's property have generally been held to touch the land."); *In re Raymond*, 129 B.R. 354, 362 (S.D. N.Y. 1991) ("[T]he promise to pay is meaningless if separated from the context of the payment. .... The promise to pay money is necessarily dependent on the purpose of the payment and thus should not stand alone."). Here, the purpose of payment is dependent on the vindication of important property rights.

## CONCLUSION

For the foregoing reasons, this Court should reverse the district court's order.

---

[1] *See Amberfield Homeowners Ass'n v. Young*, 346 Ga. App. 29, 34 (Ga. Ct. App. 2018 )("We note that the touch-and-concern doctrine has been superseded according to Restatement (Third) of Property (Servitudes) § 3.2 (2000, March 2018 update). The Restatement posits that '[t]he appropriate inquiry is whether the servitude arrangement violates public policy and the burden is on the person claiming invalidity to establish that the arrangement is one that should not be allowed to run with the land.'").

*RJ's International Trading, LLC v. Crown Castle South LLC,*
Case No. 22-11977-HH

## <u>CERTIFICATE OF SERVICE</u>

I certify that a copy hereof has been electronically filed with the Clerk of the Court on or about October 14, 2022. I certify that a copy hereof has been electronically served on Eve Cann, 100 S.E. Third Avenue, Suite 1620 Fort Lauderdale, Florida 33394 at ecann@bakerdonelson.com.

Respectfully submitted by,

PIERRE **SIMON**

Attorneys for Appellant
600 Southwest 4th Avenue,
Fort Lauderdale, Florida 33315

By: <u>s/Faudlin Pierre</u>
Faudlin Pierre, Esq.
FBN. 56770
fplaw08@yahoo.com
(305) 336-9193

## <u>CERTIFICATE OF COMPLIANCE</u>

Pursuant to Federal Rules of Appellate Procedure 32(g)(1) I certify that this document complies with the type-volume limitation required for motions.

<u>/s/Faudlin Pierre</u>
Faudlin Pierre

20